IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FIBULA MUCHEVHERAT SAN. TIC. A.S.,<br>Nuruosmaniye Cad. Turbedar sok.<br>No: 4-6 Eminonu<br>Istanbul, Turkey,<br><br>       Plaintiff,<br><br>       v.<br><br>FIBULA GLOBAL LLC,<br>3236 Prospect Street, NW<br>Washington, DC 20007,<br><br>IRAKLIS KARABASSIS,<br>4774 Dexter Street, NW<br>Washington, DC,<br><br>MUSTAFA POYRAZ,<br>850 N. Randolph Street<br>Arlington, VA 22203,<br><br>       Defendants. | Civil Action No. _____ |

## PLAINTIFF'S MOTION FOR WRIT OF REPLEVIN

Plaintiff FIBULA MUCHEVHERAT SAN. TIC. A.S. ("Fibula Turkey"), through

undersigned counsel, pursuant to Fed. R. Civ. P. 64 and D.C. Code §§ 3701 *et seq*. respectfully

moves this Honorable Court for a Writ of Replevin to order the return of certain valuable jewelry

manufactured and rightfully owned by Fibula Turkey which has been unjustly and unlawfully

detained by Defendants.

Plaintiff seeks the return of fine jewelry that it provided to Defendants pursuant to a

Consignment Agreement executed by the Parties.  Following Defendants' failure to reach sales

targets and expectations, Plaintiff lawfully cancelled the Consignment Agreement and demanded

the return of the jewelry Plaintiff provided to Defendants, in accordance with the Consignment Agreement. Defendants' refusals to return Plaintiff's jewelry, despite repeated demands by Plaintiff and its counsel, precipitated this Motion and the accompanying Verified Complaint.

This Motion is based on facts set forth in the Verified Complaint filed concurrently with this Motion, the Declaration of Ozturk Serefoglu in Support of Motion for Writ of Replevin, and on the accompanying Memorandum of Points and Authorities, all of which are incorporated by reference in their entirety.

WHEREFORE, Plaintiff Fibula Turkey respectfully requests that the Court grant it the following relief:

(1)    Issuance of a Writ of Replevin requiring the Marshal for the District of Columbia to immediately seize and return to Fibula Turkey (or its designated agent(s)) all jewelry remaining within Defendants' possession, custody, or control which was manufactured by Fibula Turkey and provided to Defendants pursuant to the Consignment Agreement between the parties and remains within Defendants' possession, custody, or control; or alternatively, issuance of a Writ of Replevin requiring the Marshal for the District of Columbia to immediately seize and deposit with the Court all jewelry remaining within Defendants' possession, custody, or control which was manufactured by Fibula Turkey and provided to Defendants pursuant to the Consignment Agreement between the parties;

(2)    Expedited hearing on this Motion seeking issuance of a Writ of Replevin, including judgment in favor of Plaintiff as to the rightful ownership of the jewelry in question and deciding the merits of the Motion for Writ of Replevin;

(3)    Costs and fees incurred by Fibula Turkey in prosecuting this matter; and

- 2 -

(4)     Such other and further relief as the Court deems proper.

To the extent the Court determines a hearing is necessary to adjudicate Plaintiff's Motion

for Writ of Replevin, Plaintiff hereby requests an oral hearing on an expedited basis, pursuant to

L. Cv. R. 7(f).

Date: July 15, 2008

                                        Respectfully submitted,

                                        REED SMITH LLP

                                        By: _____
                                           Lawrence S. Sher
                                           D.C. Bar No. 430469
                                           Andrew C. Bernasconi
                                           D.C. Bar No. 484614
                                           1301 K Street NW
                                           Suite 1100 – East Tower
                                           Washington, DC 20005
                                           (202) 414-9200
                                           (202) 414-9299 (fax)
                                           lsher@reedsmith.com
                                           abernasconi@reedsmith.com

                                        *Counsel for Plaintiff Fibula Turkey*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FIBULA MUCHEVHERAT SAN. TIC. A.S., <br> Nuruosmaniye Cad. Turbedar sok. <br> No: 4-6 Eminonu <br> Istanbul, Turkey, <br><br> Plaintiff, <br><br> v. <br><br> FIBULA GLOBAL LLC, <br> 3236 Prospect Street, NW <br> Washington, DC 20007, <br><br> IRAKLIS KARABASSIS, <br> 4774 Dexter Street, NW <br> Washington, DC, <br><br> MUSTAFA POYRAZ, <br> 850 N. Randolph Street <br> Arlington, VA 22203, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____ |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR WRIT OF REPLEVIN

Plaintiff FIBULA MUCHEVHERAT SAN. TIC. A.S. ("Fibula Turkey"), through undersigned counsel, pursuant to Fed. R. Civ. P. 64 and D.C. Code §§ 3701 *et seq.* respectfully submits this Memorandum of Points and Authorities in support of its Motion for Writ of Replevin ordering the return of certain valuable jewelry manufactured and rightfully owned by Fibula Turkey which has been unjustly and unlawfully detained by Defendants, for the reasons set forth more fully below.

## MATERIAL FACTS

Plaintiff FIBULA MUCHEVHERAT SAN. TIC. A.S., previously known as EFE

Kuyumculuk LTD. STI. (hereinafter, "Fibula Turkey") is an entity organized under the laws of

the Republic of Turkey, with its principal place of business in Istanbul, Turkey. *See* Declaration

of Ozturk Serefoglu ¶ 4 (hereinafter "Serefoglu Decl.") (attached hereto as **Exhibit 1**).   Plaintiff

is a manufacturer of fine jewelry. *Id.* Mr. Ozturk Serefoglu is the president and principal owner

of Fibula Turkey. *Id.* ¶ 3.

Defendant Fibula Global LLC, previously known as EFE Global LLC (hereafter referred

to as "Fibula Global") is a Delaware limited liability corporation, with its principal place of

business at 3236 Prospect Street, NW, Washington, DC. *See* Serefoglu Decl. ¶ 3.  Defendant

Iraklis Karabassis ("Karabassis") is a Managing Member of Defendant Fibula Global, and

Defendant Mustafa Poyraz ("Poyraz") is a co-Managing Member of Defendant Fibula Global.

*Id.* ¶ 5.

On or about May 13, 2007, Plaintiff Fibula Turkey and Defendant Fibula Global entered

a consignment agreement (the "Consignment Agreement"), a true and correct copy of which is

attached to the Verified Complaint as **Exhibit B** (hereinafter, "Exhibit B").   Under the terms of

the Consignment Agreement, Plaintiff Fibula Turkey agreed to consign jewelry which it

manufactured and owned to Defendant Fibula Global, for sale in the United States by

Defendants. *See generally* **Exhibit B,** Consignment Agreement.

The Consignment Agreement expressly provides that Plaintiff Fibula Turkey remains the

sole owner of the jewelry manufactured and provided to Defendants pursuant to the

Consignment Agreement. *See* Exhibit B, Consignment Agreement § 4.3.   Similarly, the

Consignment Agreement preserved the right of Plaintiff Fibula Turkey to re-collect, at its sole

- 2 -

discretion, all of the jewelry subject to the Consignment Agreement if sales of the jewelry fell below Plaintiff's expectations. *See* Exhibit B, Consignment Agreement § 3.3.

Plaintiff Fibula Turkey delivered jewelry to Defendants Fibula Global, Karabassis, and Poyraz (collectively, "Defendants") with a collective value well in excess of $500,000, beginning in May, 2007. *See* Exhibit 1, Serefoglu Decl. ¶ 14. A true and accurate photo depiction of the jewelry delivered by Plaintiff to Defendants pursuant to the Consignment Agreement is attached to the Verified Complaint as **Exhibit C** (hereinafter, "Exhibit C"). *See* Exhibit 1, Serefoglu Decl. ¶ 14.

Defendants' sales of Plaintiff Fibula Turkey's jewelry did not satisfy Plaintiff's expectations or targets, and in or about February, 2008, Plaintiff made several verbal requests and demands for return of its jewelry, each of which was refused by Defendants. *See* Exhibit 1, Serefoglu Decl. ¶ 17. In light of Defendants' refusals to return Plaintiff's jewelry, on or about April 12, 2008, Plaintiff Fibula Turkey delivered written notice to Defendant Fibula Global formally terminating the Consignment Agreement and demanding the immediate return of all of Plaintiff's jewelry and proceeds in the possession of Defendants, in accordance with the terms of the Consignment Agreement. *See* Exhibit B, Consignment Agreement §§ 9.2, 9.4. A true and correct copy of Plaintiff's April 12, 2008 notice and demand letter is attached to the Verified Complaint as **Exhibit D**. Defendants similarly refused to respond to the April 12, 2008 demand for return of Plaintiff's jewelry. *See* Exhibit 1, Serefoglu Decl. ¶ 19.

By letter dated May 12, 2008, Plaintiff Fibula Turkey, through legal counsel, repeated its notice of termination of the Consignment Agreement, reiterated Plaintiff's demands for the immediate return of its jewelry and that insisted that Defendants account for any proceeds received for sale of Plaintiff's jewelry under the Consignment Agreement. Plaintiff further

demanded an immediate inspection and audit of Defendants' data and records relating to sales of the Plaintiff's jewelry, pursuant to Section 4.8 of the Consignment Agreement. A true and correct copy of Plaintiff's May 12, 2008 written demand letter is attached to the Verified Complaint as **Exhibit E**. Defendants refused to arrange for or permit the inspection and audit of data and records relating to Defendants' sale of Plaintiff's jewelry.

On or about May 27, 2008, Plaintiff, through counsel, provided Fibula Global with a list of the jewelry items it believed were remaining within Defendants' possession reflecting a wholesale value of $521, 643.41 and a retail, fair market value of $1,606,737.66. A true and copy of this inventory list provided is attached to the Verified Complaint as **Exhibit H**.

During the time when Plaintiff Fibula Turkey was demanding that Defendants return its jewelry, Defendant Poyraz brought a collection of Plaintiff's jewelry, provided under the Consignment Agreement from Washington, DC, to a jewelry dealer in New York City named Mr. Ara Malkasyan. Without Plaintiff's prior knowledge or consent, Defendant Poyraz deposited the jewelry with the New York dealer as collateral for a personal loan Poyraz obtained from the dealer in the amount of $25,000. Despite Defendant Poyraz's assurances to the New York jewelry dealer, Defendant Poyraz failed to repay the personal loan within the agreed-upon twenty days. A true and correct Affidavit of the New York jewelry dealer attesting to these occurrences is attached to the Verified Complaint as **Exhibit F** (hereinafter, "Exhibit F").

Through its investigation into the whereabouts of its jewelry provided to Defendants pursuant to the Consignment Agreement, Plaintiff Fibula Turkey learned that Defendant Poyraz had defaulted on his personal loan obtained from the New York jewelry dealer for which Defendant Poyraz had used Plaintiff's jewelry as collateral. Fearing that Defendant Poyraz's default on his personal loan would result in the loss of Plaintiff's jewelry, Plaintiff Fibula Turkey

was forced to pay the New York dealer $25,000 to obtain and retrieve the jewelry that Plaintiff rightfully owned. *See* Exhibit 1, Serefoglu Decl. ¶¶ 23-24; *see also* **Exhibit F**, Malkasyan Aff. ¶ 8 .

Although Defendants, though counsel, have acknowledged and conceded Plaintiff's ownership of the jewelry in question and that such jewelry remains in Defendants' possession in their safe, subsequent to Plaintiff's May 12, 2008 demand letter Defendants have: (a) repeatedly refused to return Plaintiff's jewelry, and (b) refused to permit an inspection and audit of Defendants' data and records relating to Plaintiff's jewelry.

The retail, fair market value of the Plaintiff's jewelry which Defendants have refused to return to Plaintiff, or for which Defendants otherwise have failed to account by providing the cash value or proceeds of sale, is $1,606,737.66 (with a wholesale value of $521,643.41). *See* Exhibit 1, Serefoglu Decl. ¶ 21. Defendants' counsel has represented that the jewelry remains locked in a safe at Fibula Global's business at 3236 Prospect Street NW, Washington, DC.

## ARGUMENT

Plaintiff Fibula Turkey is entitled to the replevin and return of the jewelry that it manufactured, owns, and provided to Defendants pursuant to the Consignment Agreement. Replevin is appropriate where: (1) a plaintiff's personal property (2) is in the possession of and (3) wrongfully detained by defendants. *See* D.C. Code § 16-3701. The Federal Rules of Civil Procedure expressly permit federal courts' application and enforcement of replevin actions, particularly where – as here – such actions are available under the relevant state law. *See* Fed. R. Civ. P. 64(a) & (b); *see also Southland Corp. v. Godette*, 793 F. Supp. 348, 352 (D.D.C. 1992) (denying injunctive relief because writ of replevin issued by federal court deemed sufficient to protect plaintiff's property interests).

## I.     Fibula Turkey Is The Rightful Owner Of The Jewelry

Plaintiff Fibula Turkey is the rightful owner of the jewelry it manufactured and provided

to Defendants pursuant to the Consignment Agreement and is entitled to immediate possession

of the jewelry. The Consignment Agreement, entered by Defendant Fibula Global and executed

by the Defendants Karabassis and Poyraz, expressly states that Fibula Global "agrees that [Fibula

Turkey] is the sole owner of all Products and accepts that all rights of Products are served by

[Fibula Turkey]." **Exhibit B,** Consignment Agreement § 4.3. Since the Consignment

Agreement has never been amended or modified, *see* Exhibit 1, Serefoglu Decl. ¶ 27, the express

and unambiguous contractual language is clear and binding on the parties, and reflects that

Plaintiff Fibula Turkey is the sole, exclusive, and rightful owner of the jewelry provided to

Defendants pursuant to the Consignment Agreement which has not actually been sold by

Defendants in accordance with the terms of the Consignment Agreement.

## II.    Fibula Turkey's Jewelry Is In The Possession Of, And Has Been Wrongfully Detained By, Defendants

Defendants and their agent have conceded that Defendants retain possession of unsold

jewelry provided by Fibula Turkey to Defendants pursuant to the Consignment Agreement. *See*

Exhibit 1, Serefoglu Decl. ¶ 24 ; *see also* List of Plaintiff's Jewelry in Defendants' Possession

(attached as **Exhibit G** to Verified Complaint).

Defendants' retention of Plaintiff's jewelry is wrongful and unlawful for at least two

reasons. *First*, Plaintiff Fibula Turkey was entitled to the immediate return of its jewelry from

Defendants, at its sole discretion, if sales failed to satisfy Plaintiff's expectations. *See* Exhibit B,

Consignment Agreement § 3.3 ("The CONSIGNOR preserves its rights to recollect [the jewelry]

at its own discretion, if the sales be less than his expectations."). Beginning at least as early as

February, 2008, Plaintiff Fibula Turkey repeatedly attempted to recollect the jewelry from

Defendants by requesting and demanding return of the jewelry, following Plaintiff's determination that sales of the jewelry failed to satisfy Plaintiff's sales expectations and targets. *See* Exhibit 1, Serefoglu Decl. ¶¶ 13, 20. Contrary to Plaintiff's rights pursuant to the Consignment Agreement, and without regard for Plaintiff's demands and attempts to enforce those rights, Defendants have refused to return Plaintiff's jewelry. *Id.*

 *Second*, Plaintiff Fibula Turkey is also entitled to immediate return of its property (*i.e.*, the jewelry) because, in the event of termination of the Consignment Agreement, the Agreement's provisions expressly require Fibula Global to immediately return and re-deliver to Plaintiff all jewelry provided by Plaintiff to Defendants under the Consignment Agreement. *See* Exhibit B, Consignment Agreement § 9.4. In accordance with Section 9.2 of the Consignment Agreement, Plaintiff formally provided written notice of termination of the Consignment Agreement in its April 12, 2008 letter to Defendants, and reiterated that termination in its May 12, 2008 letter. *See* Exhibit 1, Serefoglu Decl. ¶ 15; Verified Compl. ¶ 21. Additionally, Plaintiff has repeatedly requested and demanded from Defendants the immediate return of its jewelry. *See* Exhibit 1, Serefoglu Decl. ¶¶ 13, 20. Despite the express contractual obligations and Plaintiff's reasonable attempts to enforce its rights to obtain possession of its property, Defendants have wrongfully withheld and detained Plaintiff's jewelry and refused to return it to Plaintiff. *Id.*

 Accordingly, since Defendants have violated express contractual obligations and have repeatedly refused to return property that they expressly acknowledge is exclusively owned by Plaintiff, Defendants' detention of Plaintiff's jewelry is unlawful , wrongful, and unjust. Therefore, Plaintiff is entitled to replevin and immediate return of its jewelry, in accordance with D.C. Code § 16-3701 *et seq*. *See Wardman-Justice Motors, Inc. v. Petrie*, 39 F.2d 512, 515

(D.C. Cir. 1930) ("The action in replevin is a speedy statutory remedy to recover possession of property wrongfully taken and detained, together with damages incident merely to the detention.").

## CONCLUSION

For the foregoing reasons, Plaintiff Fibula Turkey respectfully requests that the Court grant the following relief:

(1)   Issuance of a Writ of Replevin requiring the Marshal for the District of Columbia to immediately seize and return to Fibula Turkey (or its designated agent(s)) all jewelry remaining within Defendants' possession, custody, or control which was manufactured by Fibula Turkey and provided to Defendants pursuant to the Consignment Agreement between the parties; or alternatively, issuance of a Writ of Replevin requiring the Marshal for the District of Columbia to immediately seize and deposit with the Court all jewelry remaining within Defendants' possession, custody, or control which was manufactured by Fibula Turkey and provided to Defendants pursuant to the Consignment Agreement between the parties;

(2)   Expedited hearing and argument on this Motion seeking issuance of a Writ of Replevin, including judgment in favor of Plaintiff on the rightful ownership of the property and the merits of the Motion for Writ of Replevin;

(3)   Costs and fees incurred by Fibula Turkey in prosecuting this Motion; and

(4)   Such other and further relief as the Court deems proper.

- 8 -

Date: July 15, 2008

Respectfully submitted,

REED SMITH LLP

By: _____
Lawrence S. Sher
D.C. Bar No. 430469
Andrew C. Bernasconi
D.C. Bar No. 484614
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
(202) 414-9200
(202) 414-9299 (fax)
lsher@reedsmith.com
abernasconi@reedsmith.com

*Counsel for Plaintiff Fibula Turkey*

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIBULA MUCHEVHERAT SAN. TIC. A.S.,<br>Nuruosmaniye Cad. Turbedar sok.<br>No: 4-6 Eminonu<br>Istanbul, Turkey,<br><br>       Plaintiff,<br><br>       v.<br><br>FIBULA GLOBAL LLC,<br>3236 Prospect Street, NW<br>Washington, DC 20007,<br><br>IRAKLIS KARABASSIS,<br>4774 Dexter Street, NW<br>Washington, DC,<br><br>MUSTAFA POYRAZ,<br>850 N. Randolph Street<br>Arlington, VA 22203,<br><br>       Defendants. | Civil Action No. _____ |

## DECLARATION OF OZTURK SEREFOGLU IN SUPPORT OF FIBULA TURKEY'S MOTION FOR WRIT OF REPLEVIN

I, Ozturk Serefoglu, do hereby state and declare as follows:

1.     I am over 21 years of age and am a resident of the Republic of Turkey.

2.     I have personal knowledge of the matters set forth in this Declaration and am

competent to testify in this matter.

3.     At all times relevant to this matter I have served as the principal owner and

President of Fibula Muchevherat SAN. TIC. A.S., previously known as EFE Kuyumculuk LTD.

STI. (hereinafter, "Fibula Turkey"), located in Istanbul, Turkey.  In addition, I am a Member of

Fibula Global LLC, previously known as EFE Global LLC (hereafter referred to as "Fibula

Global"), which is a Delaware limited liability corporation, with its principal place of business at 3236 Prospect Street, NW, Washington, DC.

4.      Fibula Turkey is an entity organized under the laws of the Republic of Turkey, with its principal place of business in Istanbul, Turkey. Fibula Turkey is a manufacturer of fine jewelry.

5.      I have known Iraklis Karabassis and Mustafa Poyraz since at least late 2006. In approximately April, 2007, after discussions about a potential business arrangement, I joined with Messrs. Karabassis and Poyraz to form and become Members of Fibula Global. Mr. Karabassis is a Managing Member of Fibula Global, and Mr. Poyraz is a co-Managing Member of Fibula Global.

6.      Pursuant to Fibula Global's LLC Operating Agreement, Mr. Karabassis had the authority to manage and operate Defendant Fibula Global without consideration for my preferences or input. Rather, the Operating Agreement permitted Mr. Karabassis to make management decisions on behalf of Defendant Fibula Global as long as he had the consent of *either* Mr. Poyraz or me. *See* Fibula Global LLC Operating Agreement §§ 5.1.2, 5.2 (attached as Exhibit A to the Verified Complaint).

7.      Prior to signing the Consignment Agreement, Messrs. Karabassis and Poyraz represented to me that they had experience in the sales and marketing of jewelry and significant business contacts and relationships in the United States. Specifically, Mr. Karabassis represented that he is the owner of Max Mara stores, one of the specified locations where jewelry sales by the Defendants were to take place in accordance with the terms of the Consignment Agreement.

8.    Based at least in part of the representations of Messrs. Karabassis and Poyraz, I signed a Consignment Agreement on behalf of Fibula Turkey on or about May 13, 2007. Under the Consignment Agreement, Fibula Turkey agreed to consign jewelry which it owned and manufactured to Fibula Global, in the persons of Messrs. Karabassis and Poyraz, for sale in the United States.

9.    Between May 9, 2007 through approximately December 5, 2007, Fibula Turkey at my direction has delivered jewelry that it manufactured and owns, including at least 434 individual items, to Fibula Global and Messrs. Karabassis and Poyraz. The jewelry that Fibula Turkey owns, manufactured and delivered to Fibula Global and Messrs. Karabassis and Poyraz (collectively, "Defendants") is accurately depicted in the photo inventory which is marked as Exhibit C to the Verified Complaint.

10.    Between May, 2007 and December, 2007, Fibula Turkey at my direction has provided in excess of $200,000 to cover expenses claimed by Defendants in connection with the sale and marketing of Fibula Turkey's jewelry.

11.    Defendants failed to satisfy my expectations and those of Fibula Turkey, in accordance with the terms of the Consignment Agreement, in their sales of the jewelry owned and manufactured by Fibula Turkey and provided to Defendants in accordance with the terms of the Consignment Agreement.

12.    Defendants also failed to wire to Fibula Turkey's account the payments resulting from the sales of the jewelry manufactured and owned by Fibula Turkey. Contrary to the requirements of Section 4.5 of the Consignment Agreement, Defendants failed to settle Fibula Turkey's account on a monthly basis by sending payments to Fibula Turkey's account.

13.    Beginning at least as early as February, 2008, Fibula Turkey and I made several verbal requests and demands for return of its jewelry. Defendants have refused each of Fibula Turkey's verbal requests and demands for return of the jewelry that it manufactured and provided to Defendants in accordance with the terms of the Consignment Agreement.

14.    As a Member of Defendant Fibula Global LLC, I was not consulted as to Fibula Global's decision to refuse to return Fibula Turkey's jewelry. Mr. Karabassis apparently made this decision jointly with Mr. Poyraz, as Mr. Karabassis did not seek my consent or input in making this decision on behalf of Defendant Fibula Global.

15.    On or about April 12, 2008, acting on behalf of Fibula Turkey, I caused the delivery of written notice to Fibula Global formally terminating the Consignment Agreement and demanding the immediate return of all of Fibula Turkey's jewelry and proceeds in the possession of Defendants, in accordance with the terms of the Consignment Agreement.

16.    Defendants ignored and refused to accede to the demands in Fibula Turkey's April 12, 2008 termination letter or to even acknowledge Fibula Turkey's termination of the Consignment Agreement with Fibula Global.

17.    In or about February, 2008, I learned that Mustafa Poyraz brought a collection of Fibula Turkey's jewelry provided under the Consignment Agreement, from Washington, DC to a jewelry dealer in New York City – without my knowledge or consent, or that of any other authorized agent of Fibula Turkey – and deposited the jewelry with a New York jewelry dealer, Mr. Ara Malkasyan, as collateral for a personal loan that Mr. Poyraz obtained from the dealer in the amount of $25,000. I further was informed that Mr. Poyraz failed to re-pay the loan in accordance with the terms he agreed upon.

- 4 -

18.     After learning that Mr. Poyraz defaulted on the terms of the loan from the New York jewelry dealer, on behalf of Fibula Turkey I arranged for Fibula Turkey to pay $25,000 USD to the New York jewelry dealer in exchange for the return of Fibula Turkey's jewelry which Mr. Poyraz provided to the dealer as collateral for the loan.

19.     Defendants have not repaid Fibula Turkey for the $25,000 that Fibula Turkey spent to reclaim its jewelry from the New York jewelry dealer who accepted the jewelry as collateral for Mr. Poyraz's loan.

20.     On behalf of Fibula Turkey, I have made, and have caused to be made, repeated requests and demands to Defendants in attempts to procure the return of Fibula Turkey's jewelry. Defendants have refused to return Fibula Turkey's jewelry and similarly have refused to pay Fibula Turkey for the value of Fibula Turkey's jewelry.

21.     The retail, fair market value of the Plaintiff's jewelry which Defendants have refused to return to Plaintiff, or for which Defendants otherwise have failed to account by providing the cash value or proceeds of sale, is $1,606,737.66 (with a wholesale value of $521,643.41). A true and correct copy of the inventory list of jewelry items which I believe remain within Defendants' possession, reflecting a retail, fair market value of $1,606,737.66, and a wholesale value of $521, 643.41, is attached as Exhibit H to the Verified Complaint.

22.     Under the express terms of the Consignment Agreement, Fibula Turkey is entitled to recover possession of the jewelry provided to Defendants pursuant to the Consignment Agreement and which has not been actually sold by Defendants.

23.     On June 24, 2008, Defendants through their counsel provided an inventory description listing and conceding that at least 396 pieces of Fibula Turkey's jewelry, as provided by Plaintiff to Defendants pursuant to the Consignment Agreement, remain in Defendants'

possession. A true and correct copy of the inventory description provided by Defendants through their counsel is attached as Exhibit F to the Verified Complaint.

24.    Through counsel, Defendant Fibula Global has represented that Fibula Turkey's jewelry provided to Defendants pursuant to the Consignment Agreement, and which has not yet been sold in accordance with the Consignment Agreement, is located in a safe at Defendant Fibula Global's business at 3236 Prospect Street NW, Washington, DC.

25.    Defendants have wrongfully and unjustly detained the jewelry provided to Defendants pursuant to the Consignment Agreement and which has not been actually sold by Defendants in accordance with the terms of the Consignment Agreement, as described in Exhibit C to the Verified Complaint.

26.    The jewelry manufactured by Fibula Turkey and provided to Defendants pursuant to the Consignment Agreement, and which has been wrongfully detained by Defendants despite repeated demands for return of the jewelry to Fibula Turkey, has not been taken for any tax assessment or fine levied by virtue of any law of the District of Columbia or the United States against Fibula Turkey's jewelry or against Fibula Turkey individually, nor seized under any execution or attachment against the goods and chattels of Fibula Turkey liable to execution or attachment, nor held by virtue of any writ of replevin between the parties.

27.    Fibula Turkey has not considered, approved, or signed any amendment to the Consignment Agreement.

/

/

/

/

FURTHER DECLARANT SAYETH NAUGHT.

    I, Ozturk Serefoglu, declare under penalty of perjury of the laws of the United States of America that the assertions contained in the foregoing Declaration are true and accurate, to the best of my knowledge, information, and belief.

Dated: July 14 , 2008

_____
Ozturk Serefoglu

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FIBULA MUCHEVHERAT SAN. TIC. A.S. )
Nuruosmaniye Cad. Turbedar sok. )
No: 4-6 Eminonu )
Istanbul, Turkey, )
                               )
        Plaintiff, )
                               )
      v. )
                               )      Civil Action No. _____
FIBULA GLOBAL LLC, )
3236 Prospect Street, NW )
Washington, DC 20007, )
                               )
IRAKLIS KARABASSIS, )
4774 Dexter Street, NW )
Washington, DC, )
                               )
MUSTAFA POYRAZ, )
850 N. Randolph Street )
Arlington, VA 22203, )
                               )
        Defendants. )
                               )

## WRIT OF REPLEVIN

THE PRESIDENT OF THE UNITED STATES OF AMERICA, to the Marshal of the

District of Columbia, Greeting:

FIBULA MUCHEVHERAT SAN. TIC. A.S., previously known as EFE Kuyumculuk

LTD. STI. (hereinafter, "Fibula Turkey" or "Plaintiff"), the plaintiff in the above-entitled action,

has:

(1) moved the Court for a Writ of Replevin to recover the property named to belong to

Plaintiff and to be wrongfully detained by Defendants Fibula Global LLC, previously known as

EFE Global LLC (hereafter referred to as "Fibula Global"), Iraklis Karabassis, and Mustafa Poyraz (collectively, "Defendants"); and

(2) filed a Verified Complaint, along with the verified Declaration of Ozturk Serefoglu In Support of The Motion For Writ Of Replevin, and a hearing was held on _____, 2008, with Reed Smith LLP appearing as counsel for the Plaintiff, and _____ appearing as counsel for Defendants; and

It appears to this Court that Plaintiff is entitled to the immediate possession of the subject property wrongfully detained by Defendants; now, therefore,

YOU ARE COMMANDED:

1.    To serve a copy of this Writ of Replevin on Defendants; and

2.    To take possession of the Plaintiff's jewelry described further in the photo inventory attached hereto as **Exhibit A**, which is in the possession, custody, or control of the Defendants, located at 3236 Prospect Street NW, Washington, DC, and to deliver the property to Plaintiff or its designated agent, Lawrence S. Sher, Esq., Reed Smith LLP, 1301 K Street NW, Suite 1100 – East Tower, Washington, DC, 20005.

Dated: _____, 2008          _____
                                       Judge, United States District Court for the
                                       District of Columbia

# Exhibit A



| | | | | | |
|---|---|---|---|---|---|
| AA00164  1.481 | AA00173  1.546 | AA03628  2.011 | AA03908  1.907 | AA03923  2.142 | AA05808  2.867 |
| AA08341  2.000 | AA08349  1.849 | AA08373  1.951 | AA09223  2.143 | AA09744  1.268 | AA09768  1.470 |
| AA14234  1.590 | AA15250  1.412 | AA15251  1.529 | AA16418  2.022 | AA21201  3.698 | AA21215  4.813 |
| AA22116  2.214 | AA22507  2.304 | AA23404  1.522 | AA23405  1.475 | AA25404  942 | AA25411  972 |
| AA26105  1.430 | AA26109  1.382 | AA26405  2.143 | AA28202  2.782 | AA29401  1.117 | BA01314  3.464 |
| BA01625  2.858 | BA02160  1.805 | BA02214  8.170 | BA02403  2.640 | BA02511  3.160 | BA028119  1.060 |
| BA02897  1.034 | BA06409  8.318 | BA091133  3.038 | BA091162  3.319 | BA091163  3.319 | BA091171  3.446 |
| BA10424  1.987 | BA10433  2.282 | BA11305  3.978 | BA11307  3.541 | BA115125  1.836 | BA115154  2.143 |
| BA115155  2.100 | BA115161  2.164 | BA11631  2.621 | BA11655  2.430 | BA12731  2.056 | BA13121  3.682 |



| | | |
|---|---|---|
| BA13502 2.110 | BA13626 3.638 | BA13628 3.254 |
| BA13732 1.882 | BA13817 1.273 | BA14937 2.435 |
| BA15409 3.142 | BA15714 2.304 | BA15726 2.558 |
| BA16112 2.262 | BA165102 2.490 | BA165104 2.351 |
| BA16623 2.897 | BA16628 3.011 | BA16913 2.102 |
| BA17007 1.644 | BA17117 1.106 | BA17311 4.237 |
| BA17321 3.920 | BA17613 2.916 | BA17714 2.125 |
| BA18908 2.954 | BA19008 1.819 | BA19129 1.606 |
| BA20358 3.092 | BA21112 3.852 | BA21120 3.961 |
| BA21939 1.026 | BA22712 2.983 | BA22714 4.336 |
| BA23004 1.070 | BA23110 1.493 | BA23111 1.579 |
| BA23203 1.606 | BA23216 1.564 | BA23908 2.268 |
| BA24505 1.212 | BA24711 2.010 | BA24809 1.399 |
| BA24812 1.373 | BA25005 5.377 | BA25008 5.481 |
| BA30801 2.946 | CA23308 1.635 | CA25107 3.394 |
| CA25108 3.291 | CA26605 1.892 | CA26609 1.894 |
| EA03708 437 | EA08479 1.424 | EA08480 1.424 |
| EA08482 1.409 | EA08484 1.424 | EA09924 2.003 |



| | | |
|---|---|---|
| EA10125  2.536 | EA10126  2.290 | EA10229  1.428 |
| EA10232  1.367 | EA10261  1.354 | EA13901  2.137 |
| EA14111  1.376 | EA15808  2.173 | EA15820  2.208 |
| EA16319  1.762 | EA18509  2.372 | EA18531  2.522 |
| EA18554  2.502 | EA22205  2.256 | EA22405  2.170 |
| EA23504  1.819 | EA23506  1.704 | EA24611  1.487 |
| EA24908  1.966 | EA24909  1.928 | EA25203  1.346 |
| EA25208  1.289 | EA26001  2.664 | EA26009  2.629 |
| EA26701  2.159 | EA26709  2.102 | EA29901  3.250 |



| | | | | | |
|---|---|---|---|---|---|
| AX08207  2.237 | AX09503  1.722 | AX100104  1.291 | AX100803  1.574 | AX101301  4.393 | AX101402  7.572 |
| AX101601  869 | AX101701  1.140 | AX102004  638 | AX102201  890 | AX102301  1.710 | AX102302  1.710 |
| AX102403  1.420 | AX102501  2.334 | AX102601  3.815 | AX102701  2.227 | AX102702  2.382 | AX103902  936 |
| AX103904  1.223 | AX103906  1.403 | AX104103  619 | AX104501  2.216 | AX104502  2.340 | AX104801  5.974 |
| AX105201  5.162 | AX105401  12.163 | AX106302  3.740 | AX107601  1.993 | AX107801  3.104 | AX108401  3.251 |
| AX108501  3.145 | AX108601  3.271 | AX108602  3.896 | AX108701  841 | AX108702  836 | AX108802  922 |
| AX108902  917 | AX109001  672 | AX109101  900 | AX109201  1.014 | AX109301  3.245 | AX109601  1.385 |
| AX110101  2.896 | AX110201  3.468 | AX110202  3.410 | AX110301  2.948 | AX110303  2.872 | AX110501  2.162 |
| AX110601  2.009 | AX110801  2.876 | AX110902  2.360 | AX111101  3.569 | AX111201  2.809 | AX111402  1.825 |



| | | | | | |
|---|---|---|---|---|---|
| AX111502 1.860 | AX111701 884 | AX111801 824 | AX111901 1.103 | AX111902 1.077 | AX18411 1.139 |
| AX28803 1.897 | AX30207 1.652 | AX44803 1.457 | AX44807 1.633 | AX48404 1.277 | AX48504 1.630 |
| AX50504 1.672 | AX52801 964 | AX54605 780 | AX55907 2.299 | AX56308 807 | AX56906 733 |
| AX56907 730 | AX57102 3.212 | AX60622 1.490 | AX60629 1.593 | AX60630 1.656 | AX60634 3.127 |
| AX60635 3.389 | AX60809 889 | AX61001 438 | AX71201 2.272 | AX73502 871 | AX73602 904 |
| AX74202 4.016 | AX75802 651 | AX75902 847 | AX76102 1.860 | AX76402 1.546 | AX77001 2.182 |
| AX77501 1.616 | AX78019 992 | AX80502 2.843 | AX80603 4.529 | AX81004 2.857 | AX82601 2.227 |
| AX83801 2.761 | AX86603 867 | AX87201 1.632 | AX87306 1.039 | AX89605 1.599 | AX89606 1.705 |
| AX89803 3.178 | AX90802 2.539 | AX92818 2.078 | AX93201 3.342 | AX93203 3.235 | AX93503 1.904 |



| | | | | | |
|---|---|---|---|---|---|
| AX96004 3.341 | AX97903 3.634 | AX98302 1.808 | AX98603 4.036 | AX98902 2.189 | AX99001 3.737 |
| AX99101 4.146 | AX99503 1.121 | AX99602 1.313 | BX05620 3.384 | BX06012 1.717 | BX22408 2.144 |
| BX22501 2.392 | BX23307 1.422 | BX24304 1.632 | BX25009 8.612 | BX25405 1.252 | BX25505 1.490 |
| BX27104 1.544 | BX27803 1.430 | BX30009 2.092 | BX30504 17.434 | BX32533 1.082 | BX32537 1.462 |
| BX32540 1.490 | BX32542 3.334 | BX32543 3.282 | BX32544 2.843 | BX32923 594 | BX36401 2.232 |
| BX37001 3.998 | BX38102 1.488 | BX42602 67.741 | BX43013 458 | BX43110 572 | BX43209 545 |
| BX43210 545 | BX43309 640 | BX43310 640 | BX43312 624 | BX43417 785 | BX43525 769 |
| BX44607 628 | BX44608 628 | BX44609 628 | BX45201 3.832 | BX45303 2.656 | BX45401 2.449 |
| BX45601 1.508 | BX47901 7.856 | BX50421 935 | BX51006 941 | BX51405 7.259 | BX51701 2.216 |



| | | | | | |
|---|---|---|---|---|---|
| BX52302 1.159 | BX52407 2.002 | BX53201 1.867 | BX53503 1.104 | BX53602 1.579 | BX53805 766 |
| BX54224 1.366 | BX54225 1.366 | BX54321 1.316 | BX54705 4.409 | BX56604 692 | BX56702 869 |
| BX56901 4.606 | BX59313 2.636 | BX59504 3.905 | BX62502 2.234 | BX65104 1.592 | BX65105 1.643 |
| BX66402 3.480 | BX66602 3.410 | BX67401 2.512 | BX67501 2.575 | BX67803 3.914 | BX68701 3.115 |
| BX68702 3.226 | BX69812 4.044 | BX70101 7.274 | BX70405 3.827 | BX71001 4.184 | BX71304 5.552 |
| BX71705 4.189 | BX73202 1.993 | BX73601 6.366 | BX73901 4.430 | BX74502 3.775 | BX74603 2.437 |
| BX74702 3.220 | BX74801 3.794 | BX75103 1.086 | BX75202 1.450 | BX75702 2.604 | BX75801 2.783 |
| BX76201 1.891 | BX76301 10.386 | BX76801 1.638 | BX77104 672 | BX77303 1.067 | BX77402 1.759 |
| BX77604 822 | BX77702 1.400 | BX78102 848 | BX78201 3.311 | BX78203 3.446 | BX78701 11.688 |



| | | | | | |
|---|---|---|---|---|---|
| BX79201 5.113 | BX79301 39.443 | BX80601 3.605 | BX81602 994 | BX81701 744 | BX81802 913 |
| BX81902 726 | BX82001 922 | BX82002 920 | BX82502 3.425 | BX83401 991 | BX83402 1.031 |
| BX86601 2.882 | BX87002 2.386 | CX09708 6.172 | CX11001 19.759 | CX15602 7.850 | CX16003 12.664 |
| CX17301 18.004 | CX17701 14.875 | CX18501 10.291 | CX19301 12.733 | CX19901 21.064 | CX22201 20.749 |
| DX00703 3.500 | EX02711 1.004 | EX03502 4.138 | EX04604 1.660 | EX11908 3.868 | EX15205 2.947 |
| EX17508 1.892 | EX18813 866 | EX19311 2.245 | EX19327 2.288 | EX19328 3.713 | EX19329 3.672 |
| EX19331 5.516 | EX24704 1.783 | EX27302 4.964 | EX28208 4.356 | EX28604 3.749 | EX29401 1.967 |
| EX32301 8.120 | EX32601 5.924 | EX33704 2.936 | EX35502 4.182 | EX38404 2.477 | EX38405 2.656 |
| EX40301 3.370 | EX40302 3.412 | EX40801 9.001 | EX40904 6.011 | EX41203 3.790 | EX41801 2.094 |



| EX42001 | 5.593 | EX42301 | 6.318 | EX42402 | 4.462 | EX42603 | 1.374 | EX42702 | 1.978 | EX43304 | 3.743 |
| EX44001 | 2.578 | EX44304 | 1.007 | EX44501 | 1.160 | EX44601 | 2.258 | EX44602 | 2.258 | EX44702 | 1.180 |
| EX44802 | 2.189 | EX45002 | 1.159 | EX45101 | 3.850 | EX45102 | 4.042 | EX45801 | 23.602 | EX46601 | 6.533 |
| EX47001 | 1.603 | EX47101 | 4.278 | EX47202 | 1.156 | EX47301 | 920 | EX47402 | 1.064 | EX47502 | 961 |
| EX47601 | 1.025 | EX47602 | 1.024 | EX47902 | 3.857 | EX48101 | 1.309 | EX48102 | 1.357 | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FIBULA MUCHEVHERAT SAN. TIC. A.S., <br> Nuruosmaniye Cad. Turbedar sok. <br> No: 4-6 Eminonu <br> Istanbul, Turkey, <br><br>       Plaintiff, <br><br>       v. <br><br> FIBULA GLOBAL LLC, <br> 3236 Prospect Street, NW <br> Washington, DC 20007, <br><br> IRAKLIS KARABASSIS, <br> 4774 Dexter Street, NW <br> Washington, DC, <br><br> MUSTAFA POYRAZ, <br> 850 N. Randolph Street <br> Arlington, VA 22203, <br><br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. _____ |

## ORDER

UPON CONSIDERATION of the Motion for Writ of Replevin of Plaintiff FIBULA

MUCHEVHERAT SAN. TIC. A.S., the accompanying Memorandum of Points and Authorities,

Plaintiff's Verified Complaint, and the Declaration of Ozturk Serefoglu in Support of the Motion

for Writ of Replevin, and any opposition thereto by Defendants,

IT IS HEREBY ORDERED that Plaintiff's Motion for Writ of Replevin is GRANTED,

and that a Writ of Replevin shall issue from this Court forthwith requiring the United States

Marshal for the District of Columbia to immediately seize Plaintiff's jewelry (as further

described in the Writ of Replevin) and return the jewelry to the Plaintiff or its designated

agent(s); and it is further

ORDERED that Plaintiff shall be entitled to recover its costs incurred in prosecuting this

action, including reasonable attorneys' fees and expenses, the amount of which is to be provided

to the Court for approval within 15 days of the entry of this Order.


IT IS, this _____ day of _____, 2008, SO ORDERED.


_____
Judge, United States District Court for the District
of Columbia



Copies to:

Lawrence S. Sher
Andrew C. Bernasconi
Reed Smith LLP
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005

FIBULA GLOBAL LLC
3236 Prospect Street, NW
Washington, DC 20007

IRAKLIS KARABASSIS
4774 Dexter Street, NW
Washington, DC 20007

MUSTAFA POYRAZ
850 N. Randolph Street
Arlington, VA 22203