IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIBULA MUCHEVHERAT AN. TIC. A.S., <br> NURUOSMANIYE CAD. TURBEDAR SOK. <br> No: 4-6 Eminonu <br> Istanbul, Turkey, <br><br>        PLAINTIFF, <br><br> V. <br><br> FIBULA GLOBAL LLC, <br> 3236 Prospect Street, NW <br> Washington, DC 20007, <br><br> IRAKLIS KARABASSIS, <br> 4774 Dexter Street, NW <br> Washington, DC, <br><br> MUSTAFA POYRAZ, <br> 850 N. Randolph Street <br> Arlington, VA 22203, <br><br>        DEFENDANTS. | Civil Action No. 1:08-CV-01205-RJL |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## AGAINST DEFENDANTS KARABASSIS AND POYRAZ

Defendants, Iraklis Karabassis and Mustafa Poyraz, by counsel, pursuant to Rule 12(b)(6), Fed. R. Civ. P., and, in relation to Mustafa Poyraz only, Fed. R. Civ. P. Rule 12(b)(1), respectfully move this Court to dismiss this action against them. Dismissal is appropriate as the Plaintiff has failed to state a claim against either Mr. Karabassis or Mr. Poyraz in their individual capacities.

Plaintiff's Verified Complaint asserts counts of replevin and conversion against Defendants Messrs. Karabassis and Poyraz in connection with certain jewelry valued by

Plaintiff's at $1,606,737.66. (Complaint Counts I and Counts III). Plaintiff alleges the same counts against Defendant, Fibula Global LLC ("Fibula Global") and also a breach of contract count. Iraklis Karabassis and Mustafa Poyraz, are Members of Fibula Global, LLC, a Delaware limited liability company, whose principal place of business is in Washington D.C. Plaintiff admits that Defendants Karabassis and Poyraz do not have possession of the jewelry at issue and that this is in the possession of Fibula (Complaint ¶ 25). As such, Plaintiff's replevin counts cannot be asserted against Defendant's Karabassis or Poyraz.

With regard to Plaintiff's conversion count, Plaintiff's Verified Complaint does not allege any acts done by Defendant Karabassis other than as a Member of Fibula Global, LLC, in his capacity as a corporate officer. As such, the Conversion Count must be dismissed against Defendant Karabassis as corporate officers are not personally liable for acts undertaken in their corporate capacity and on behalf of a corporate entity. Similarly, Plaintiff pleads that Defendant Poyraz acted for and on behalf of Fibula (Complaint ¶ 5). Moreover, Plaintiff's assertion that Defendant Poyraz converted $25,000 of the jewelry is not sufficient to confer jurisdiction upon this Court against Mr. Poyraz under 28 U.S.C. § 1332 (a) and thus must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1).

Accordingly, Plaintiff has failed to allege operative facts to hold them personally liable for replevin or conversion and thus these two counts, the only counts naming Defendants personally, must be dismissed.

As further grounds for this motion and in support thereof, Defendants respectfully invite the attention of the Court to its Memorandum in Support of its Motion to Dismiss filed contemporaneously with this Motion.

WHEREFORE, Defendants Karabassis and Poyraz respectfully request that the Court grant the following relief:

(i) Dismiss Plaintiff's Verified Complaint against them with prejudice; and

(ii) Order Plaintiff to pay their costs in connection with this litigation; and provide

(iii) Such other further relief as the Court deems proper.

Dated: August 22, 2008                    Respectfully submitted,

By: _____
Ronan J. McHugh (DC Bar No. 468231)
Akin Alcitepe (DC Bar No. 481389)
Thelen Reid Brown Raysman & Steiner LLC
701 Eighth Street, N.W., Suite 800
Washington, D.C. 20001
202-508-4000

*Counsel for Defendants*

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIBULA MUCHEVHERAT AN. TIC. A.S., <br> NURUOSMANIYE CAD. TURBEDAR SOK. <br> No: 4-6 Eminonu <br> Istanbul, Turkey, <br><br> PLAINTIFF, <br><br> V. <br><br> FIBULA GLOBAL LLC, <br> 3236 Prospect Street, NW <br> Washington, DC 20007, <br><br> IRAKLIS KARABASSIS, <br> 4774 Dexter Street, NW <br> Washington, DC, <br><br> MUSTAFA POYRAZ, <br> 850 N. Randolph Street <br> Arlington, VA 22203, <br><br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:08-CV-01205-RJL <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS KARABASSIS AND POYRAZ'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST THEM**

Defendants, Iraklis Karabassis and Mustafa Poyraz, by counsel, pursuant to Rule 12(b)(6), Fed. R. Civ. P., and, in relation to Mustafa Poyraz only, Fed. R. Civ. P. Rule 12(b)(1), respectfully move this Court to dismiss this action against them. Dismissal is appropriate as the Plaintiff has failed to state a claim against either Mr. Karabassis or Mr. Poyraz in their individual capacities.

Plaintiff's Verified Complaint ("Complaint") asserts counts of replevin and conversion against Defendants Messrs Karabassis and Poyraz in connection with certain jewelry valued by Plaintiff's at $1,606,737.66. (Complaint Counts I and Counts III). Plaintiff alleges the same counts against Defendant, Fibula Global LLC ("Fibula Global") and also a breach of contract count. Iraklis Karabassis and Mustafa Poyraz are Members of Fibula Global, LLC, a Delaware limited liability company, whose principal place of business is in Washington D.C. Plaintiff admits that Defendants Karabassis and Poyraz do not have possession of the jewelry at issue and that this is in the possession of Fibula (Complaint ¶ 25). As such, Plaintiff's replevin count cannot be asserted against Defendant's Karabassis or Poyraz.

With regard to Plaintiff's conversion count, Plaintiff's Verified Complaint does not allege any acts done by Defendant Karabassis other than as a Member of Fibula Global, LLC, in his capacity as a corporate officer. As such, the Conversion Count must be dismissed against Defendant Karabassis as corporate officers are not personally liable for acts undertaken in their corporate capacity and on behalf of a corporate entity. Similarly, Plaintiff pleads that Defendant Poyraz acted for and on behalf of Fibula (Complaint ¶ 5). Moreover, Plaintiff's assertion that Defendant Poyraz converted $25,000 of the jewelry is not sufficient to confer jurisdiction upon this Court against Mr. Poyraz under 28 U.S.C. § 1332 (a) and thus must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1).

Accordingly, Plaintiff has failed to allege operative facts to hold them personally liable for replevin or conversion and thus these two counts, the only counts naming Defendants personally, must be dismissed.

I.  **STATEMENT OF FACTS**

Defendant Fibula, previously known as Efe Global LLC, is a Delaware limited liability company, with its principal place of business at 3236 Prospect Street, NW, Washington, DC. (Complaint ¶ 3). Fibula entered into a Consignment Agreement for the sale and marketing of jewelry with Plaintiff on or about May 13, 2007. (*Id.* ¶ 3, 10). Defendant Fibula is governed by an Operating Agreement. (*Id.* ¶ 3, Exhibit A to Complaint).

Defendant Mustafa Poyraz ("Poyraz") who resides at 850 N. Randolph Street, Arlington, Virginia is one of three Members of Defendant corporation, Fibula. (*Id.* ¶ 5). He is a signatory on behalf of Fibula under the May 13, 2007 Consignment Agreement with Plaintiff. (*Id.*, ¶10). Mr. Poyraz conducted and transacted business in the District of Columbia in fulfilling his duties on behalf of Fibula. (*Id.* ¶ 5).

Defendant Iraklis Karabassis ("Karabassis") resides at 4774 Dexter Street, NW Washington, is a Member and director of Fibula and a signatory on behalf of Fibula under the May 13, 2007 Consignment Agreement with Plaintiff. (*Id.* ¶ 4).

Plaintiff Fibula Muchevherat San. Tic A.S. ("Fibula Turkey") is a Turkish entity with its principal place of business in Istanbul, Turkey. (*Id.* ¶ 2). Plaintiff is a manufacturer of fine jewelry. (*Id.*) Mr. Ozturk Serefoglu ("Serefoglu"), is the president and principal owner of Plaintiff, FibulaTurkey, and the third Member of Defendant Fibula. (*Id.*) He is one of three signatories on behalf of Consignee Fibula, and the sole signatory on behalf of Consignor Fibula Turkey under the Consignment Agreement with Plaintiff. (*Id.*, Ex. B).

The Operating Agreement, attached to the Complaint as Exhibit A provides decision making authority as follows:

> 5.1.1. The Members, within the authority granted by the Act and the terms of this Agreement shall have the complete power and authority to manage and operate the Company and make all decisions affecting its business and affairs.
>
> 5.1.2. Except as otherwise provided in this Agreement, all decisions and documents relating to the management and operation of the Company shall be made and executed jointly by Iraklis Karabassis and either (i) Ozturk Serefoglu, (ii) Mustafa Poyraz.
>
> 5.1.3 Third parties dealing with the Company shall be entitled to rely conclusively upon the power and authority of a Iraklis Karabassis and either (i) Ozturk Serefoglu, (ii) Mustafa Poyraz to manage and operate the business and affairs of the Company.
>
> 5.2 Decision by Members. Whenever in this Agreement reference is made to the decision, consent, approval, judgment or action of the Members, unless otherwise expressly provided in this Agreement, such decision, consent, approval, judgment or action shall require the joint approval of Iraklis Karabassis and either Ozturk Serefoglu, Mustafa Poyraz.

(*Id.*, Exhibit A, at 4).

The Consignment Agreement, attached as Exhibit B to the Complaint, defines the parties to the Agreement: the Consignor and Consignee are the predecessor of Fibula Turkey and the predecessor of Fibula, respectively. The Agreement sets out certain rights and obligations of the parties. Under Section 3.1,

> The Consignor [Fibula Turkey] hereby grants the CONSIGNEE [Fibula] the right of sale of the Consignor's Products and authorizes the CONSIGNEE to sell the Products by retail sale specifically at Max Mara Stores, Events and Truck (sic) shows under the terms and conditions as set forth herein.

(*Id.*, Exhibit B, at 3). The Consignment Agreement was executed by Poyraz and Karabassis as representatives of Fibula and by Serefoglu as the representative of Fibula Turkey. (*Id.*, Exhibit B, at 6 and ¶¶ 5, 6 and 10).

Plaintiff Fibula Turkey supported and facilitated Fibula's sales efforts by paying expenses in connection with the sale and marketing of Plaintiff's jewelry. (*Id.* ¶ 15). Plaintiff

4

alleges that it was not satisfied with these sales efforts and demanded the return of the jewelry beginning on or about February 2008. (*Id.* ¶ 18). Plaintiff concedes, however, that Fibula Managing Members, Defendants Karabassis and Poyraz, made the joint decision to withhold and detain Plaintiff's jewelry. (*Id.* ¶ 20). Plaintiff further concedes that the jewelry is held in a safe located at Fibula's business premises. (*Id.* ¶25).

On or about July 14, 2008 Plaintiff filed its Verified Complaint in this Court for replevin and conversion against Fibula, Karabassis and Poyraz, and for breach of contract solely against Fibula. Plaintiff alleges that the jewelry is unlawfully and wrongfully detained and converted by Defendants (Complaint Counts I and III) and seeks damages from all Defendants as a consequence. At the same time as its Complaint, Plaintiff filed a Motion for Writ of Replevin which the Defendants opposed on August 1, 2008, and which motion is currently pending.

## II.   ARGUMENT

### A.   Legal Standard

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although the complaint is liberally construed, "the court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). In deciding a motion at this stage, the court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. See, *Henthorn v. Department of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994).

**B.    Plaintiff Alleges No Facts To Hold Karabassis and Poyraz Personally Liable for Replevin or Conversion**

Under District of Columbia law, replevin lies only where the plaintiff has a right to immediate possession of the property at the commencement of the action from a party who possesses that property. *Smith, Kirkpatrick & Co. v. Continental Autos, Ltd.*, 184 F. Supp. 764, 766 (D.D.C. 1960). Conversion is "any lawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto." *Hunter v. D.C.*, 384 F. Supp. 2d 257, 260 (D.D.C. 2005).

**(i)    Plaintiff's Complaint Pleads No Facts That Defendants Karabassis and Poyraz Acted in Their Individual Capacities**

With the exception of the conversion allegation concerning Mr. Poyraz, addressed below, throughout the Complaint, Plaintiff refers to "Defendants" in the plural, broadly lumping Fibula, Karabassis and Poyraz collectively under this pleading format, despite submitting that Fibula is a Delaware limited liability company, with Karabassis, Poyraz and Serefoglu as its managing members, *see*, Complaint at ¶¶ 3, 4 and 5, generally. In the Counts for replevin and conversion, Plaintiff makes no distinction between the corporate entity and the individuals. (*See, id.*). These actions against Karabassis and Poyraz are, however, barred because Plaintiff does not and cannot allege that they were not acting in their corporate capacity.

It is a general principle of corporation law that the officers and employees of a corporate entity are its agents.[1] *Ridgewells Caterer, Inc. v. Nelson*, 688 F. Supp. 760, 762 (D.D.C. 1988). As with a corporation, a member of a limited liability company may not be held liable for the debts, obligations and liabilities of the company. *Thomas v. Hobbs*, 2005 Del. Super. LEXIS 164

---

[1] The District of Columbia requires that "the laws of the state or other jurisdiction under which a foreign limited liability company is formed governs its formation and internal affairs and the liability of its members and managers." *Wright v. Herman*, 230 F.R.D. 1, 8 (D.D.C. 2005); D.C. Code § 29-1052. Fibula is a Delaware limited liability company and the liability of its members is thus governed by Delaware law.

(Del. Super. Ct. Apr. 27, 2005). Unless a member agrees to be obligated personally, a plaintiff who seeks to sue an officer of a corporation must pierce the corporate veil to do so. *Id.* at *6. Plaintiff's Complaint fails to do so. In fact, to the contrary, Plaintiff's Complaint pleads that Defendants Karabassis and Poyraz acted in their corporate capacities for Fibula in executing the Consignment Agreement (Complaint ¶¶ 4 and 5), and acknowledges that Mr. Poyraz "persistently conducts and transacts business in the District of Columbia in fulfilling his duties on behalf of Fibula" (Complaint ¶ 5). Plaintiff has made no attempt, nor pled any facts to suggest that Karabassis or Poyraz agreed to be personally obligated for liabilities of Fibula, nor has it pled sufficient to pierce the veil of Fibula to hold its Members, Karabassis and Poyraz, personally liable.

Instead, Plaintiff's Complaint relies upon its uses of the plural "Defendants" but makes no allegations in the Complaint that even suggest Karabassis and Poyraz either hold the jewelry or acted in any manner outside their corporate capacities. In fact, the facts as alleged support just the opposite position. Karabassis and Poyraz are managing members of Fibula, a company formed to market and sell the jewelry. (Complaint ¶¶ 3, 4 and 5). Under the Operating Agreement, the Members have the complete power and authority to manage and operate the Company, with decisions relating to the management and operation of the company being made only by the joint decision of Karabassis and either Serefoglu or Poyraz. The decision to withhold the jewelry was made on the joint decision of Karabassis and Poyraz. (*Id.* ¶ 20). And the jewelry has been, continues to be held, in a safe on Fibula's premises. (*Id.* ¶ 34).

C. **Plaintiff's Complaint Must Be Dismissed As To All Count Against Defendant Karabassis**

The only factual allegations made with respect to Defendant Karabassis individually are that: 1) he is a Managing Member of Fibula and signed the Consignment Agreement on behalf

7

of Fibula; (*Id.* ¶ 4, 10); 2) the Consignment Agreement "generally provides for Defendants Fibula Global, Karabassis, and Poyraz to sell Plaintiff's jewelry at specified retail locations and events in the United States" (*Id.* ¶ 3 and 11); and that Karabassis made the joint decision with Poyraz to withhold the jewelry. (*Id.* ¶ 20). None of these allegations, even when read together, can be read as to plead that Mr. Karabassis was not acting in his corporate capacity or to create any factually plausible support for an action in replevin or conversion. In fact, remarkably, Plaintiff's Complaint does not even allege that Defendant Karabassis "conducts and transacts business" on behalf of Fibula, as it alleges against Defendant Poyraz. (Compare Complaint ¶ 4 with ¶ 5, contrasting Defendants Karabassis and Poyraz).

Furthermore, the Consignment Agreement is between Consignor Fibula Turkey and Consignee Fibula. Accordingly, any delivery by Plaintiff of jewelry in accordance with the terms of the Consignment Agreement was made to Defendant Fibula, the Consignee. The Consignment Agreement makes no provision for any of the representatives of either the Consignor or Consignee to act outside of its corporate capacity. Simply stating that Plaintiff provided jewelry to "Defendants" does not extinguish the corporate capacity of the representatives of the company.

Plaintiff's Complaint contains no other factual allegations whatsoever addressing Defendant Karabassis individually. As the Operating Agreement undisputedly calls for any and all decisions made by the Fibula to be executed jointly by Karabassis and either Serefoglu or Poyraz, and Plaintiff alleges just this – that the decision to withhold and detain the jewelry was made jointly by Karabassis and Poyraz, there are no allegations of actions taken outside his corporate capacity nor has Plaintiff alleged any facts by which the Court can or should disregard the corporate protection of a Delaware limited liability corporation. Plaintiff's claim for replevin

8

must be dismissed against Mr. Karabassis because Plaintiff admits he does not have possession of the jewelry. (Complaint ¶ 25). Moreover, Plaintiff's Complaint alleges no facts whatsoever that Mr. Karabassis has exercised any personal ownership or control over the jewelry.

### D. Plaintiff's Complaint Must Be Dismissed As to All Counts Against Defendant Poyraz

As to Defendant Poyraz, Plaintiff alleges similar facts – that Poyraz is a managing member of Fibula and signatory on behalf of Fibula to the Consignment Agreement, (*Id.* ¶5, 10), that the Consignment Agreement provides for Poyraz to sell the jewelry – but as stated above, not in his individual capacity, rather that Poyraz conducted business as a corporate representative of Fibula (*Id.* ¶ 5) and that Poyraz jointly decided with Karabassis to withhold the jewelry. (*Id.* ¶ 20). Plaintiff's claim for replevin against Mr. Poyraz personally must be dismissed because Plaintiff admits he does not have possession of the jewelry. (*Id.* ¶ 25). With regard to conversion, Plaintiffs further allege Poyraz used a portion of the jewelry as collateral for a personal loan to support its complaint. (*Id.* ¶ 23-24). Although Defendants strenuously dispute the allegation that the use of the jewelry was for a personal loan, this may be a factual issue that requires further development of the record. For present purposes, even assuming that Plaintiff's allegations with respect to Mr. Poyraz regarding the collateral for personal loan could be sufficient for a conversion count, the amount of jewelry that Plaintiff alleges was converted by Mr. Poyraz was only $25,000. (*Id.* ¶¶ 23 and 24). Because that amount is less than the $75,000 threshold required by 28 U.S.C. § 1332(a), even with a sufficiently pled conversion count, this Court lacks diversity jurisdiction over Mr. Poyraz in conversion and accordingly this count must be dismissed.

Because Plaintiff has failed to allege operative facts to hold them personally liable for replevin or conversion these two counts, the only counts naming Defendants Karabassis and

Poyraz personally, must be dismissed. Also, Plaintiff makes no claim and certainly alleges no facts that Fibula's corporate status must be disregarded, or that in its dealing with Karabassis or Poyraz under the terms of the Consignment Agreement they acted as individuals.

There is no allegation that the jewelry is held anywhere but on the premises of Fibula. (¶ 25). Plaintiff has failed to state a cause of action for replevin or conversion against Defendants Karabassis and Poyraz in their respective individual capacity.

### III. CONCLUSION

For the forgoing reasons, the Court must dismiss Counts I and III against Defendants Karabassis and Poyraz with prejudice. The Court must further award costs and fees incurred by Defendants in opposing Plaintiff's Motion and provide such further relief as it deems appropriate.

Dated: August 22, 2008

Respectfully submitted,

By: _____
Ronan J. McHugh (DC Bar No. 468231)
Akin Alcitepe (DC Bar No. 481389)
Thelen Reid Brown Raysman & Steiner LLC
701 Eighth Street, N.W., Suite 800
Washington, D.C. 20001
202-508-4000

*Counsel for Defendants*

10

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIBULA MUCHEVHERAT AN. TIC. A.S., )<br>Nuruosmaniye Cad. Turbedar sok. )<br>No: 4-6 Eminonu )<br>Istanbul, Turkey, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 1:08-CV-01205-RJL<br>FIBULA GLOBAL LLC, )<br>3236 Prospect Street, NW )<br>Washington, DC 20007, )<br>)<br>IRAKLIS KARABASSIS, )<br>4774 Dexter Street, NW )<br>Washington, DC, )<br>)<br>MUSTAFA POYRAZ, )<br>850 N. Randolph Street )<br>Arlington, VA 22203, )<br>)<br>      Defendants. )<br>) | |

**ORDER**

IT IS HEREBY:

    ORDERED that Defendants' Motion to Dismiss is GRANTED; and

    IT IS FURTHER ORDERED that Counts I (Replevin) and III (Conversion) of Plaintiff's Verified Complaint against Defendants Iraklis Karabassis and Mustafa Poyraz are dismissed with prejudice; and

    IT IS FURTHER ORDERED that Defendants shall be entitled to recover its costs incurred in this matter, including reasonable attorneys' fees and expenses, the amount of which is to be provided to the Court for approval within 15 days of the entry of this Order.

It is so ORDERED.

_____            _____
            Date                                  United States District Judge

## CERTIFICATE OF SERVICE

On August 22, 2008, I caused the foregoing, Motion to Dismiss Plaintiff's Complaint Against Defendants Karabassis and Poyraz, Memorandum of Points of Authorities in Support of Defendants Karabassis and Poyraz's Motion to Dismiss Plaintiff's Complaint Against Them and Proposed Order, to be delivered via electronic mail to the following:

> Lawrence S. Sher
> Andrew C. Bernasconi
> Reed Smith LLP
> 1301 K Street, NW
> Suite 1100, East Tower
> Washington, DC 20005
>
> *Counsel for Plaintiff*

_____
Ronan J. McHugh